UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| OKSANA PENZOVA, | Case No.: 2:23-cv-01043-APG-EJY |
| Plaintiff<br>v. | **Order Denying Defendants' Motion for Summary Judgment** |
| OSCAR JOHN MOYA and NICOLE ESQUIBEL, | [ECF No. 15] |
| Defendants | |

Oksana Penzova sues Oscar John Moya and Nicole Esquibel for negligence and negligent entrustment, respectively. She alleges that Moya negligently caused a September 2021 car accident (driving a car that Esquibel negligently entrusted to Moya), during which she sustained shoulder injuries and damage to her car. ECF No. 1 at 15-17. Within a month of the accident, she was treated by Dr. Patrick R. E. Davis, who diagnosed her with post-traumatic injuries to her neck, back, and shoulder caused by the collision. ECF No. 17 at 50-51. Dr. Davis testified at his deposition that he relied on what Penzova told him to diagnose her, including her description of the collision. ECF No. 15-4 at 5-6.

Penzova had previously been in a car accident in November 2019 that injured both of her shoulders, for which she was treated by another physician. ECF No. 15-3 at 2-5. Dr. Davis testified that he "ha[d] . . . full disclosure of any or all past accidents and injuries that [Penzova] had sustained in the past" and that he believed Penzova's injuries from the 2019 accident had fully resolved by the time he treated her in 2021. ECF No. 15-4 at 3.

From May to August 2022, Penzova was treated by Dr. Bernard Ong. ECF Nos. 15-1 at 9; 17 at 54. In February 2024, Dr. Ong issued an opinion noting the 2021 collision and diagnosing Penzova with multiple right shoulder injuries based on the "history, mechanism of

injury, exam, and [MRI] imaging studies." ECF No. 15-1 at 9. He noted that Penzova "report[ed] no pain or problems with her right shoulder predating/prior" to the 2021 collision. *Id.* Similarly to Dr. Davis, Dr. Ong confirmed during his deposition that he relied on the information that Penzova told him about her medical history to make a diagnosis. ECF No. 15-5 at 3-4. Dr. Ong did not independently review Penzova's other medical records, including whether she had been "in multiple car accidents [prior to the 2021 collision] or had been treated for other cervical or lumbar shoulder issues." *Id.* at 4-5.

The defendants move for summary judgment, arguing that I should exclude Penzova's doctors' opinions as unreliable under Federal Rule of Evidence (FRE) 702 because the doctors did not independently review Penzova's medical records from before the 2021 collision. Alternatively, they argue that I should exclude one of the doctor's opinions because (1) it was not timely disclosed and (2) the opinion was too remote in time from when the doctor last treated her. Penzova responds that the defendants' challenges to her doctors' opinions are questions of weight, not admissibility. She also asserts that the defendants should have filed a motion to strike the opinions rather than include those arguments in a summary judgment motion.

I decline to exclude Penzova's doctors' opinions because the defendants' criticisms go to impeachment rather than admissibility. I also decline to decide whether one of Penzova's doctor's opinions should be excluded for untimeliness or remoteness because the issue is moot. Even if I excluded one opinion, Penzova's other doctor has opined that the accident caused her injuries, so there is a genuine issue of material fact as to causation. Consequently, I deny the motion for summary judgment.

/ / / /

/ / / /

## I. Legal Standard

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

## II. Analysis

The defendants present two main arguments in their motion. First, they argue that, under FRE 702, I should exclude Dr. Davis and Dr. Ong's opinions because they used unreliable facts and methods to determine that the 2021 collision caused Penzova's shoulder injuries. The defendants also assert that because the opinions are unreliable, they cannot rise to the medical probability standard required for causation opinions under Nevada law. They argue that if I exclude these opinions, Penzova would not be able to establish causation and her negligence and negligent entrustment claims would fail as a matter of law. Second, the defendants assert that I

should exclude Dr. Ong's February 2024 opinion because Penzova did not timely disclose it. They also argue that I should exclude it because it was too far removed in time from when Dr. Ong last treated Penzova in August 2022.

### a. FRE 702

Under FRE 702, a witness "who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if . . . (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods;" and (d) the expert has reliably applied "the principles and methods to the facts of the case." Thus, to be admissible, expert opinions must be both relevant and reliable. An expert opinion is relevant "if the knowledge underlying it has a valid connection to the pertinent inquiry," and it is "reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline." *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010), *as amended* (Apr. 27, 2010) (quotation omitted). Whether an expert opinion is reliable, and thus admissible, is a "flexible" inquiry. *Alaska Rent–A–Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969 (9th Cir. 2013) (quotation omitted). And where the testimony has a sufficient basis, I will defer to the jury to evaluate the expert's credibility. *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1044 (9th Cir. 2014).

The defendants argue that both doctors' opinions are unreliable because the doctors based them on Penzova's self-reported medical history without having independently reviewed (1) the full extent of her medical records, which would have revealed her 2019 car accident and attendant injuries, and (2) evidence of the 2021 collision, such as photos of Penzova's car.

4

Penzova counters that Dr. Davis reviewed a portion of her medical file as well as photos of the 2021 collision. She also argues that a "comprehensive review of [her] entire medical history . . . is not a prerequisite for establishing causation in this matter." ECF No. 16 at 9-10. She asserts that both doctors meet the FRE 702 standard for experts because "[t]heir opinions are grounded in the knowledge and experience of their respective medical disciplines, and their firsthand observations and treatment of [Penzova] provide a reliable basis for their conclusions." *Id.* at 7.

The defendants' argument that Dr. Davis and Dr. Ong should have reviewed Penzova's medical history to rule out her 2019 accident as the sole cause of her shoulder injuries, goes to the weight, not admissibility, of their opinions. A medical expert does not need to "identify the sole cause of a medical condition in order for his or her testimony to be reliable." *Messick v. Novartis Pharmaceuticals Corp.*, 747 F.3d 1193, 1199 (9th Cir. 2014). A doctor can establish causation, even without knowing exactly how an injury occurred, so long as "there is sufficiently compelling proof that the [incident] must have caused the damage somehow." *Id.* at 1198 (simplified). For the purposes of Rule 702 admissibility, this "[l]ack of certainty is not, for a qualified expert, the same thing as guesswork." *Primiano*, 598 F.3d at 565. Thus, the doctors' failure to undertake a comprehensive, independent review of Penzova's medical history does not render their opinions inadmissible.

Here, both doctors have a sufficient foundation for their causation opinions. The defendants concede that the doctors' "qualifications were never the subject of dispute, for the purposes of this Motion." ECF No. 17 at 8. As to their methodology of determining the cause of an injury, the doctors testified that they used their expertise, knowledge, and patient-specific information to opine that the 2021 collision caused Penzova's shoulder injuries. They physically examined Penzova, collected intake responses on her past medical history, and reviewed MRI

5

images of her injury. ECF Nos. 15-4 at 3; 15-5 at 3-6.  While the defendants point to the Hill criteria[1] for injury causation and note that Dr. Davis and Dr. Ong did not follow it, this is not the only reliable method of determining injury causation. *See Messick*, 747 F.3d at 1198 (describing the differential diagnosis method of determining causation).  In other words, a doctor's failure to verify a patient's self-reported medical history does not necessarily make the doctor's causation opinion unreliable because there is more than one reliable method of determining an injury's cause and not every reliable method may require a comprehensive, independent review of a patient's medical history.

I am "supposed to screen the jury from unreliable nonsense opinions, but not exclude opinions merely because they are impeachable." *SQM N. Am. Corp.*, 750 F.3d at 1044 (quotation omitted).  Not only does "much of medical decision-making rel[y] on judgment—a process that is difficult to quantify or even to assess qualitatively," but doctors must also "use their knowledge and experience as a basis for weighing known factors along with the inevitable uncertainties to make a sound judgment." *Primiano*, 598 F.3d at 565 (simplified).  Here, both doctors used their expertise, experience, and patient-specific information to render their diagnoses.  To the extent that the defendants take issue with the doctors' alleged failure to independently review Penzova's medical records, this goes to impeachment, and the defendants may address that on cross-examination. *SQM N. Am. Corp.*, 750 F.3d at 1044 (noting that "[s]haky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion" (quotation omitted)).

---

[1] The Hill criteria are a set of factors "generally accepted as relevant to assessing causation, such as: (1) the strength of the association; (2) consistency; (3) specificity; (4) temporality; (5) biological gradient or dose response; (6) biological plausibility; (7) coherence with other scientific knowledge; (8) experimental evidence; and (9) analogy." *Hardeman v. Monsanto Co.*, 997 F.3d 941, 953 n.2 (9th Cir. 2021).

Penzova has met her burden of demonstrating that the opinions of Dr. Davis and Dr. Ong are based on sufficient facts and are the product of reliable principles and methods, and that they both reliably applied the principles and methods to the facts. *See United States v. 87.98 Acres of Land More or Less in the Cnty. of Merced*, 530 F.3d 899, 904 (9th Cir. 2008) (stating that the proponent of expert testimony "has the burden to establish its admissibility"); FRE 702. I therefore do not exclude their opinions on this basis.

### b. Medical Probability

When sitting in diversity jurisdiction, federal courts "apply state substantive law and federal procedural law." *In re Exxon Valdez*, 484 F.3d 1098, 1100 (9th Cir. 2007) (quotation omitted). Negligence and negligent entrustment are state law causes of action. In Nevada, a negligence claim requires the plaintiff to establish (1) the defendant owed a duty of care, (2) the defendant breached that duty, (3) legal causation, and (4) damages. *Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev. 2009) (en banc). Medical expert testimony establishing causation must not be "highly speculative" and must be "stated to a reasonable degree of medical probability." *Morsicato v. Sav-On Drug Stores, Inc.*, 111 P.3d 1112, 1116 (Nev. 2005). An opinion has a reasonable degree of medical probability when the medical expert "form[s] an opinion with sufficient certainty so as to make a medical judgment." *Id.*

The defendants' only basis for their argument that the doctors' opinions cannot rise to a reasonable degree of medical probability is that the opinions are not reliable under FRE 702. For the reasons previously discussed, Penzova has established that her doctors' opinions have sufficient foundations for admission. The evidence before me does not suggest any uncertainty in the doctors' opinions that the 2021 collision caused Penzova's shoulder injuries, and the doctors do not propose any other potential causes for her injuries. *See* ECF Nos. 15-1 at 9-10; 17

7

at 50-51; *see also Morsicato*, 111 P.3d at 1116 (The Supreme Court of Nevada concluded that a medical expert testimony on causation did not rise to the level of medical probability because the expert "was not certain what caused [the plaintiff's] injuries" and opined that other causes could just as plausibly explain them.).

Because the exclusion of the doctors' opinions was the defendants' only basis for summary judgment, Penzova has met her burden to show there is a genuine issue of material fact on causation for trial. Thus, I deny the motion for summary judgment.

### c. Timeliness and Remoteness

I decline to rule on whether to exclude Dr. Ong's expert opinion on the basis that (1) Penzova did not timely disclose it or (2) his opinion is too remote in time from when he treated Penzova. These issues are moot. Even if I were to exclude his opinion on either of these grounds, Penzova would have at least one other expert opinion (Dr. Davis's) to demonstrate that there is a genuine issue of material fact on causation. To the extent that the defendants seek to exclude Dr. Ong's opinion at trial, they should raise these issues in a motion in limine with sufficient time to consider it before trial.

### III. Conclusion

I THEREFORE ORDER that defendants Oscar John Moya and Nicole Esquibel's motion for summary judgment **(ECF No. 15) is DENIED.**

DATED this 30th day of September, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE